HOLTZCLAW v. GASSAWAY.

PLEADING—CAUSE OF ACTION.—The allegations in a complaint that the defendant seized and levied upon the property of the wife under a distress warrant against the husband states a good cause of action.

Before BUCHANAN, J., Greenville, November, 1897. Reversed.

Action by Amelia A. Holtzclaw *v.* Walter L. Gassaway. Demurrer to complaint sustained. Plaintiff appeals.

*Mr. Adam C. Welborn*, for appellant, cites: 21 S. C., 599; Gen. Stat., 1826.

*Mr. L. O. Patterson*, contra, cites: *Distress warrant only power of attorney:* Cheves, 252; 2 McM., 200; 9 Exch., 14. *No actual damages for distress:* 35 S. C., 486, 501; 37 S. C., 199. *Facts alleged do not warrant damages:* 30 Fla., 1; 49 Ill., 241; 35 S. C., 488, 504; 45 N. J. L., 61; 5 Exch., 248; 53 Pa. St., 443; 112 Ind., 404; 85 Pa. St., 293; 89 Wis., 371; 65 Tex., 274; 104 N. Y., 434; 116 N. C., 720; 42 Ill., 174; 17 N. Y., 442; 55 Vt., 442; 4 Cal., 344; 36 Minn., 90; 85 Ill., 11.

July 4, 1898. The opinion of the Court was delivered by

MR. JUSTICE GARY. The appeal herein is from an order sustaining a demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. The following is a copy of the complaint: "The plaintiff, Amelia A. Holtzclaw, complaining of the defendant, alleges: I. That the defendant resides in State and county aforesaid. II. That at the times hereinafter mentioned, the plaintiff, Robt. F. G. Holtzclaw, was, and is now, her husband, and is, therefore, joined with her as one of the plaintiffs in this action. III. That on or about January 25, 1897, the defendant issued or executed under his hand and seal, a paper styled a 'distress warrant, for rent,' against her husband, a copy of which is hereto attached and made a part of this complaint. IV. That under and by virtue of said distress warrant, W. D. Whitmire and the defendant came to plaintiff's residence in Greenville city, in State and county aforesaid, for the purpose of distraining on the goods and chattels of her husband, for rent claimed to be due the defendant, as agent of Peter Nelson. V. That some of the furniture in said residence belonged to her at the time; and the defendant, knowing or presuming such to be the case, and in order to have distress made of all her said furniture as well as her husband's, and to put her in so much fear as

to deter and prevent her from even claiming said furniture, did wilfully, maliciously, and fraudulently, by hints, insinuations, and inuendoes, tell her and make her believe that, if she claimed her said furniture, and thereby prevented said distress, her husband would be arrested and imprisoned as a criminal, and she and her children would then be forever disgraced, and a levy was then made on her said furniture, under said distress warrant. VI. That in consequence of said wilful, malicious, and fraudulent conduct on the part of the defendant, she was prostrated, threatened with miscarriage or abortion, and confined to her bed until the 19th day of March, 1897, when she gave birth prematurely to a child, who immediately died; and she has not yet, and fears she never will, recover from the effects, to her damage $5,000. Wherefore, the plaintiff, Amelia A. Holtzclaw, demands judgment against the defendant for the sum of $5,000 and the costs of this action." The Court deems it unnecessary to set out the exhibit attached to the complaint.

It will be seen that, amongst other allegations, the complaint sets forth that the defendant made a levy upon her personal property, under proceedings to collect rent alleged to be due, not by her, but by her husband, by which she was damaged. Section 9, art. XVII., of the present Constitution provides that "The real and personal property of a woman, held at the time of her marriage, or that which she may thereafter acquire, either by gift, grant, inheritance, devise or otherwise, shall be her separate property, and she shall have all the rights incident to the same to which an unmarried woman or a man is entitled." The alleged invasion of her rights by the defendant, in levying upon her property to satisfy a debt of her husband, by which she was damaged, alone constituted a good cause of action. *Wallace* v. *Johnson*, 17 S. C., 454. The Circuit Judge was, therefore, in error in dismissing the complaint.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and the case remanded to that Court for a new trial.